Philip H. Stillman, Esq. SBN# 152861
STILLMAN & ASSOCIATES
3015 North Bay Road, Suite B
Miami Beach, Florida 33140
Tel. and Fax: (888) 235-4279
pstillman@stillmanassociates.com

Attorneys for defendant BAKERSFIELD CONVENTION HOTEL I, LLC

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF CALIFORNIA

PETER STROJNIK,

                Plaintiff,

     vs.

BAKERSFIELD CONVENTION HOTEL I,
LLC DBA BAKERSFIELD MARRIOTT AT
THE CONVENTION CENTER,

                Defendant.

Case No. 1:19-cv-01098-LJO-JLT

**MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS
COMPLAINT PURSUANT TO FED. R.
CIV. P. 12(B)(1) AND (6)**

Date: October 22 , 2019
Courtroom: 4
Time: 8:30 p.m.

Hon. Hon. Lawrence J. O'Neill

Complaint filed: August 12, 2019

# TABLE OF CONTENTS

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

FACTUAL ALLEGATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

LEGAL STANDARD. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    I.      PLAINTIFF LACKS STANDING ON HIS ADA CLAIM . . . . . . . . . . . . . 4

        A.    Plaintiff Has Not Alleged An Injury In Fact. . . . . . . . . . . . . . . . . . . 4

            1.    Plaintiff Does Not Identify How Any Barriers Relate To Plaintiff's Disability. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

            2.    Plaintiff Has Not Shown That He Has A Disability That Relates To The Alleged Barriers. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        B.    Plaintiff Has Not Properly Alleged An Intent To Return. . . . . . . . . 7

            1.    Proximity Of The Hotel To Plaintiff's Residence. . . . . . . . . . . 8

            2.    Plaintiff's Past Patronage Of The Hotel. . . . . . . . . . . . . . . . . 9

            3.    Definitiveness of Plaintiff's Plans to Return . . . . . . . . . . . . . . 9

            4.    Plaintiff's Frequency of Travel Near Defendant's Hotel . . . . . 10

            5.    Additional Factors Weigh Against An "Intent To Return." . . . . 10

        C.    Plaintiff Has Not Alleged Facts Showing He Is Deterred From Returning to Defendant's Hotel. . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

        D.    Plaintiff Lacks Standing To Claim Injunctive Relief. . . . . . . . . . . . 12

        E.    Plaintiff's ADA Cause Of Action Also Fails To State A Claim. . . . . 12

    II.     THE UNRUH ACT CLAIMS MUST ALSO BE DISMISSED . . . . . . . . . . 13

    III.    PLAINTIFF'S NEGLIGENCE CAUSE OF ACTION FAILS TO STATE A CLAIM. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

        A.    There Is No Viable Negligence Claim. . . . . . . . . . . . . . . . . . . . . . . 15

        B.    Negligence Cannot Be Based On The ADA. . . . . . . . . . . . . . . . . . . 16

        C.    Plaintiff's Request For Punitive Damages Should Be Stricken. . . . . . 17

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

# TABLE OF AUTHORITIES

*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) . . . . . . . . . . . . . . . 14

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) 15

*Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002) . . . . . . . . . . . . . . 3

*Brooke v. H.P. Hospitality, LLC*, 2017 U.S. Dist. LEXIS 214372, at *8 . . . . . . . . . . . . . 9

*Brooke v. H&K P'ship*, 2016 U.S. Dist. LEXIS 148572, at 5 (E.D. Cal. Oct. 26, 2016) . . 12

*Brooke v. Newport Hotel Holding LLC*, 2016 U.S. Dist. LEXIS 187101, at *9 (C.D. Cal. Apr. 29, 2016). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Brooke v. The Irvine Company, LLC,* 2016 U.S. Dist. LEXIS 194454 (C.D. Cal. Oct. 7, 2016). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Cal. ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979) . . . . . . . . . . . . . . . . 4

*California Service Station etc. Assn. v. American Home Assurance Co.* 62 Cal.App.4th 1166, 1178 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Chanda v Engelhard/ICC* 234 F3d 1219 (11th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Chapman v. Pier 1 Imports, Inc.,* 631 F.3d 939, 946 (9th Cir. 2011). . . . . . . 4, 5, 7, 8, 11, 12

*City of Inglewood v. Teixeira*, 2015 U.S. Dist. LEXIS 114539, at *5 (C.D. Cal. Aug. 20, 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1044 (9th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . 5

*DuckHole Inc. v. NBC Universal Media LLLC*, 2013 U.S. Dist. LEXIS 157305, at *7 (C.D. Cal. Sep. 6, 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Estate of Saylor*, 54 F.Supp.3d 409 (D. Md. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1082 (9th Cir. 2004). . . . . . . . . . . . 13

*Guerra v. W. L.A. Coll.*, 2018 U.S. Dist. LEXIS 141029, at *19-20 (C.D. Cal. Aug. 20, 2018). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 17

*Harris v. Del Taco, Inc.*, 396 F. Supp. 2d 1107, 1113 (C.D. Cal. 2005). . . . . . . . . . . . . . . 8

*Johnson v. Overlook At Blue Ravine, Ltd. Liab. Co.*, 2012 U.S. Dist. LEXIS 102056 (E.D. Cal. July 20, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8-10

*Krusi v. Bear, Stearns & Co.,* 144 Cal.App.3d 664, 679 (1983) . . . . . . . . . . . . . . . . . . . . 17

*Lee v. Bank of Am.*, 218 Cal. App. 3d 914, 920 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Lema v. Comfort Inn, Merced*, 2012 U.S. Dist. LEXIS 42170 . . . . . . . . . . . . . . . . . . . . . 10

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) ........................................................................... 4

*Molski v. Kahn Winery*, 405 F.Supp.2d 1160, 1168 (C.D. Cal. 2005) ................ 8

*Monaghan v. El Dorado Cnty. Water Agency*, 2012 U.S. Dist. LEXIS 14900 (E.D.Cal. Feb. 6, 2012) ........................................................................ 16

*Moore v. Dollar Tree Stores Inc.*, 85 F. Supp. 3d 1176, 1182 (E.D. Cal. 2015)......... 13

*Nunneley v. Edgar Hotel* (1950) 36 Cal.2d 493, 497 [225 P.2d 497] ................ 17

*Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002)........... 11

*Reycraft v. Lee*, 177 Cal. App. 4th 1211 (2009) ................................. 13

*Reycraft v. Lee*, 177 Cal. App. 4th 1211, 1224 (2009) ............................ 14

*Rice v. Ctr. Point, Inc.*, 154 Cal. App. 4th 949, 958-59 (2007)...................... 15

*Rossbach v City of Miami* 371 F3d 1354 (11th Cir. 2004) ......................... 7

*Scarborough v. Brown Group, Inc.*, 935 F. Supp. 954, 964 (W.D. Tenn. 1995) ........ 16

*Sierra Club v. Morton*, 405 U.S. 727, 740, 92 S. Ct. 1361, 31 L. Ed. 2d 636 (1972)..... 5

*Spokeo, Inc. v. Robins*, _U.S._, p 8, 136 S.Ct. 1540, 1548, 194 L.Ed.2d 635 (2016)...... 4

*Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) ........... 4

*Strojnik v. Orangewood, LLC*, C.D.Cal. Case No. 19-00946-DSF-(JCx)........... 1, 5, 17

*Strojnik v. Pasadena Robles Acquistion, LLC*, C.D.Cal Case No. 2:19-CV-02067-AB (PJWx) ......................................................................... 2, 8, 11

*Surrey v. TrueBeginnings, LLC* (2008) 168 Cal. App. 4th 414, 419................... 14

*Toyota Motor Mfg. Ky. v. Williams*, 534 U.S. 184, 195, 151 L. Ed. 2d 615, 122 S. Ct. 681 (2002) ......................................................................... 7

*United States ex rel. Knapp v. Calibre Sys.*, 2011 U.S. Dist. LEXIS 119589 at *14 (C.D.Cal. Oct. 17, 2011)......................................................... 16

*United States v. Hays*, 515 U.S. 737, 742 (1995) ................................. 3

*Urhausen v. Longs Drug Stores Cal., Inc.*, 155 Cal. App. 4th 254, 265-66 (2007) ... 14, 17

*Vogel v. Salazar*, 2014 WL 5427531, at *2 (C.D. Cal. Oct. 24, 2014)................. 11

*Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) ......... 3

*Westbrook v. DTG Operations, Inc.*, 2007 U.S. Dist. LEXIS 14653, at *18-19 (D. Nev. Feb. 28, 2007)...................................................................... 16

*White v. NCL America, Inc.*, 2006 WL 1042548 (S.D. Fla. 2006) ................... 16

*Wolfe v. Stankman*, 392 F.3d 358, 360 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . [3](#)

*Zimmerman v. GJS Grp.*, 2018 U.S. Dist. LEXIS 148816, at *15-16 (D. Nev. Aug. 30, 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . [5](#)

# INTRODUCTION

Defendant Bakersfield Convention Hotel I, LLC d/b/a Bakersfield Marriott at the Convention Center (the "Hotel"), moves to dismiss Plaintiff Peter Strojnik's Complaint in its entirety. Strojnik is a lawyer of significant notoriety in Arizona who is currently suspended from the practice of law in Arizona as a result of his serial ADA lawsuits.[1]  In particular, the Arizona State Bar stated that Strojnik was placed on Interim Suspension on July 11, 2018 because:

> Strojnik filed more than 1,700 complaints in a State Court and more than 160 complaints in a District Court alleging violations of the Americans with Disabilities Act (ADA) and the Arizonans with Disabilities Act (AzDA). In most cases, he would demand $5,000 in attorney's fees, regardless if the business remedied the violation. The cases filed were all very similar, alleging vague and non-specific violations. He collected approximately $1.2 million in settlements, which mainly consisted of attorney's fees.

> Strojnik initially claimed he conducted thorough investigations prior to filing lawsuits, but later conceded that he did not know the individuals who did the work, oftentimes contracting them from Craigslist. The time he spent on each case was minimal—preparation and review of complaints would take less than thirty minutes—which led to errors. He swore to have reviewed 10,000 "reports" with pictures of properties submitted by the investigators, however never visited many of the properties.

> The State Bar alleged that Strojnik engaged in conduct that has caused, or is likely to cause, immediate and substantial harm to clients, the public, or the administration of justice. A District Court said his tactics were extortionate. The Bar moved for the interim suspension and argued that he would continue filing lawsuits irrespective of rulings by other courts.

*Id.*  Strojnik, along with his son, Peter K. Strojnik, is a serial, high volume Americans with Disabilities Act plaintiff, who has filed numerous lawsuits against hotels all over California. *See Brooke v. The Irvine Company, LLC,* 2016 U.S. Dist. LEXIS 194454 (C.D. Cal. Oct. 7, 2016).

However, Strojnik's notoriety is catching up with him.  In August, two district courts in the Central District have dismissed his complaints on the same grounds that Defendant is asserting here.  On August 8, 2019, in *Strojnik v. Orangewood, LLC*, C.D.Cal. Case No. 19-00946-DSF-(JCx), the Court dismissed the Complaint for lack of standing for not

---

[1]
https://www.azbar.org/newsevents/newsreleases/2018/07/interimsuspension-peterstrojnik/

alleging how any barriers that he may have experienced at the defendant hotel related to his alleged disabilities, dismissed the Unruh Act claims for lack of standing, dismissed the negligence claim as there was no violation of the ADA, and struck the claim for punitive damages. On August 14, 2019, in *Strojnik v. Pasadena Robles Acquistion, LLC*, C.D.Cal Case No. 2:19-CV-02067-AB (PJWx), the Court dismissed Strojnik's claims against the Pasadena Hilton for lack of standing. The rationales of both rulings are equally applicable here and this Court should join its fellow judges in the Central District and dismiss this case with prejudice.

Plaintiff lacks standing to sue under the Americans with Disabilities Act (ADA) as the complaint is devoid of anything but cursory legal conclusions that fail to establish (1) the scope of Plaintiff's alleged disability, (2) how any of the alleged "barriers" that Plaintiff found at the Hotel are barriers to *him*, and (3) that Plaintiff has any *bona fide* intent to return to the Hotel. Plaintiff's Unruh Act claims fare no better, since any alleged barriers that Plaintiff supposedly identified during his stay at the Hotel have to be barriers *to him as a result of his disability*. The evidence shows that Plaintiff is *not* in a wheelchair, and while he might indeed be suffering from various physical ailments, none of those physical ailments are relevant to the alleged ADA architectural barriers that Plaintiff claims to have discovered at the Hotel. Plaintiff's negligence claim – based on the alleged violation of the ADA, fails to state a claim, since any violation of the ADA does not establish a duty to Plaintiff and damages under the ADA are limited to injunctive relief. Allowing a negligence claim based on an ADA violation allows a plaintiff to use the ADA to obtain monetary damages to which he is not entitled.

## FACTUAL ALLEGATIONS

Plaintiff, appearing pro se, is a resident of Maricopa County, Arizona. Compl. ¶ 3. Plaintiff alleges that he has severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate cancer, and renal cancer, and a degenerative right knee. *Id.* Plaintiff's physical impairments substantially limit his major life activities. *Id.* ¶ 4. Plaintiff contends that he walks with difficulty and pain. *Id.* Plaintiff also claims that as a result of

his physical impairments, he requires compliant "mobility accessible" features at places of public accommodation. *Id.* However, he does not allege what those mobility accessible features are, and as discussed below, video footage from Phoenix ABC affiliate Channel 15 shows Plaintiff ambulating without limit or restriction. Defendant owns, operates, or leases a lodging facility located at located at 801 Truxton Ave., Bakersfield CA 93301. *Id.* ¶ 5. Plaintiff claims to have booked a room at the Hotel on June 5, 2019. Complaint, ¶ 15, 18. While at the hotel, he claims to have encountered "barriers to accessibility documented in Addendum A." Compl., ¶ 16. "Addendum A" contains several photographs that Plaintiff apparently contends show "barriers to accessibility." Under each photograph is a cryptic description, such as "identification," "inaccessible bar," "improper hardware," and "business center too high." Complaint, Addendum A. Plaintiff intends to visit Defendant's Hotel at a specific time when the Defendant's noncompliant Hotel becomes fully compliant with ADAAG. Compl., ¶ 12.

Plaintiff asserts claims under the ADA, the Unruh Civil Rights Act, Cal. Civ. Code § 51–53 ("Unruh Act"), the California Disabled Persons Act, Cal. Civ. Code §§ 54–54.3 ("DPA"), and a negligence claim. Defendant moves to dismiss all claims.

## LEGAL STANDARD

"Federal courts are required sua sponte to examine jurisdictional issues such as standing." *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002); *United States v. Hays*, 515 U.S. 737, 742 (1995). Where a defendant brings a facial attack on the district court's subject matter jurisdiction under Fed. R. Civ. Proc. ("Rule") 12(b)(1), the court "assume[s] [plaintiff's] [factual] allegations to be true and draw[s] all reasonable inferences in his favor." *Wolfe v. Stankman*, 392 F.3d 358, 360 (9th Cir. 2004) . Here, Defendant's attack on Plaintiff's standing is facial. Thus, this Court must accept all allegations as true. However, courts do not accept the truthfulness on any legal conclusions contained in the complaint. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) ("[W]e do not . . . necessarily assume the truth of legal conclusions merely because they are cast in the

1  form of factual allegations.").

2  **ARGUMENT**

3  **I.**

4  **<u>PLAINTIFF LACKS STANDING ON HIS ADA CLAIM</u>**

5       A disabled person claiming access discrimination in violation of the ADA must

6  establish Article III standing in order to maintain their lawsuit. *Chapman v. Pier 1 Imports,*

7  *Inc.,* 631 F.3d 939, 946 (9th Cir. 2011). Article III standing requires that a plaintiff must

8  have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of

9  the defendant, and (3) that it is likely to be redressed by a favorable judicial decision.

10  *Spokeo, Inc. v. Robins,* _U.S._, p 8, 136 S.Ct. 1540, 1548, 194 L.Ed.2d 635 (2016), citing

11  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561, 112 S.Ct. 2130, 119 L.Ed.2d 351

12  (1992). To show standing under the ADA, a plaintiff must demonstrate that he has suffered

13  an "injury-in-fact coupled with an intent to return to a noncompliant facility," or

14  alternatively "deterrence from returning to the premises." *Chapman*, 631 F.3d at 946.

15  Plaintiff has the burden of establishing the existence of these three elements, and must

16  clearly allege facts demonstrating each element. *Id*. Since injunctive relief is the only

17  remedy to individuals under Title III of the ADA, Plaintiff must also show he faces a "'real

18  and immediate threat of repeated injury'" to establish an injury-in-fact for purposes of

19  standing. *Chapman*, 631 F.3d at 946.

20       Because its jurisdiction is limited, "[a] federal court is presumed to lack jurisdiction

21  in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v.*

22  *Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989)(citing *Cal. ex rel. Younger v.*

23  *Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979)).

24  A.    <u>Plaintiff Has Not Alleged An Injury In Fact.</u>

25       An injury-in-fact is "an invasion of a legally protected interest which is (a) concrete

26  and particularized, and (b) 'actual or imminent' not 'conjectural' or 'hypothetical.'" *Lujan*

27  *v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). This includes a "requirement that a

28  party seeking review must allege facts showing that he is himself adversely affected."

*Sierra Club v. Morton*, 405 U.S. 727, 740, 92 S. Ct. 1361, 31 L. Ed. 2d 636 (1972). The "injury in fact" element is met when a disabled plaintiff has *personally* encountered a barrier violating the ADA, based on his specific disability. *Chapman*, 631 F.3d at 947 (citing *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1044 (9th Cir. 2008)). *See also, Zimmerman v. GJS Grp.*, 2018 U.S. Dist. LEXIS 148816, at *15-16 (D. Nev. Aug. 30, 2018) (Plaintiff failed to satisfy the injury in fact requirement because Plaintiff does not relate the alleged ADA barriers to his particular disability, and cannot establish a concrete and particularized injury or a real and immediate threat of future injury).

      1.    **Plaintiff Does Not Identify How Any Barriers Relate To *Plaintiff's* Disability.**

Plaintiff cannot merely identify barriers not associated with his particular disability to satisfy Article III standing. *See Chapman*, 631 F.3d at 947. A barrier in a public accommodation must "interfere with the plaintiff's full and equal enjoyment of the facility." *Id.* A barrier, however, will "only amount to such interference if it affects the plaintiff's full and equal enjoyment of the facility on account of his particular disability." *Id.* A "bare procedural violation," divorced from any concrete harm, cannot satisfy the demands of Article III standing. *Spokeo, Inc. v. Robbins*, 136 S. Ct. 1540, 1550 (2016).

Here, Plaintiff only includes photographs of alleged barriers at the Hotel. See Addendum A. Addendum A is captioned "Personal Barrier Ecounters [sic]." Each photograph is accompanied a generic descriptive caption, such as "identification," "inaccessible bar," "improper hardware," and "business center too high." Listing procedural violations without connecting them to any particular harm is insufficient to plead standing. *Spokeo*, 136 S. Ct. at 1550. None of Plaintiff's allegations describe the architectural barriers at the Hotel and how those relate to his disability. This is insufficient under *Chapman*, 631 F.3d at 954. *See also*, *Strojnik v. Orangewood, LLC*, No. 19-00946-DSF-(JCx) (C.D.Cal. August 8, 2019)(granting motion to dismiss for lack of standing for inadequate allegations relating Stojnik's alleged disability with ADA violations). Plaintiff must do more than merely identify barriers that he encountered—he

must plead how each barrier affected him because of his disability. *Chapman*, 631 F.3d at 954. The complaint is devoid of any such allegations and therefore, Plaintiff has not pled an injury in fact.

**2.**    **Plaintiff Has Not Shown That He Has A Disability That Relates To The Alleged Barriers.**

Although the complaint is totally lacking any allegations that explain how the purported procedural violations in Addendum A affected Plaintiff because of his disability, it is not even clear what that disability is. In fact, although Strojnik is cagey on this point with his laundry list of medical problems in Comp., ¶ 3, no where in his complaint does he claim to use a wheelchair and thus cannot complain of any of the alleged barriers that would apply to disabled people in wheelchairs, such as counter heights or width of aisles. Nor does he allege any kind of evidence that would tend to show that he requires a wheelchair. In fact, in a video clip from a March 7, 2018 news report that aired on the ABC Phoenix affiliate, Channel 15, Strojnik is clearly shown strolling without any type of assistance whatsoever.

https://www.abc15.com/news/local-news/investigations/state-bar-moves-to-suspend-serial-suing-attorney-exposed-by-abc15.[2] Strojnik claims to suffer from "neural foraminal stenosis," which refers to the narrowing of the small openings between each vertebra in the

───────────────

[2] Federal Rule of Evidence 201 empowers a court to take judicial notice of facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). *DuckHole Inc. v. NBC Universal Media LLLC*, 2013 U.S. Dist. LEXIS 157305, at *7 (C.D. Cal. Sep. 6, 2013)(taking judicial notice of DVD's in support of Rule 12(b)(6) motion). This Court can thus take judicial notice of the videos of Strojnik aired by the news station and published online. *See City of Inglewood v. Teixeira*, 2015 U.S. Dist. LEXIS 114539, at *5 (C.D. Cal. Aug. 20, 2015)(judicial notice of YouTube videos on Rule 12(b)(6) motion). Judicial notice is appropriate as the videos are from a source whose authenticity cannot be questioned and published on the news channel's own website.

spine.[3]  Yet, in another video clip from ABC 15 aired June 25, 2018, Strojnik is shown

walking and in court with a large litigation briefcase slung over his shoulder – hardly

consistent with his claim that his "foraminal stenosis" prevents him from "major life

activities.  *See*

https://www.abc15.com/news/local-news/investigations/az-attorney-general-attempts-secon

d-intervention-to-shut-down-serial-suing-attorney.  Thus, there is no alleged disability that

Strojnik can even tie to any alleged barrier.

**B.**     Plaintiff Has Not Properly Alleged An Intent To Return.

An injury in fact must be coupled with an intent to return.  *Chapman*, 631 F.3d at

946.  In determining whether a plaintiff's likelihood of visiting or returning to a facility is

sufficient to confer standing, courts have examined factors such as "(1) the proximity of the

---

[3]  Merely having an impairment does not make one disabled for ADA purposes.
*Toyota Motor Mfg. Ky. v. Williams*, 534 U.S. 184, 195, 151 L. Ed. 2d 615, 122 S. Ct. 681
(2002). To qualify as having an actual disability, a claimant must show that their
impairment limits a major life activity. *Id.* The limitation on a major life activity must be
"substantial." In *Toyota*, the Supreme Court found that these terms need to be interpreted
strictly to "create a demanding standard for qualifying as disabled." *Id. Toyota* limited the
ADA analysis to include only those impairments that prevent or severely restrict an
individual from doing activities that are of central importance to most people's daily lives.
*Id.* at 198.  For example, in *Chanda v Engelhard/ICC* 234 F3d 1219 (11th Cir. 2000),
although an engineer who had tendinitis had physical impairment, where engineer
acknowledged that he could dress and feed himself, do household chores, drive, write, and
use computer, he was not disabled. *See also*, *Rossbach v City of Miami* 371 F3d 1354 (11th
Cir. 2004) (officers claimed that his impairment prevented him from standing, sitting,
walking or sleeping for extended periods of time, all testimony was couched in vague terms
and was unaccompanied by any evidence that such afflictions were any worse than those
suffered by many adults).  Here, Strojnik's physical woes are either not relevant to the case
(such as having had prostate cancer) or do not limit his abilities to drive hundreds of miles
from Phoenix, AZ, and allegedly stay in *17 different cities* in California over six months.
See First Amended Complaint filed in *Strojnik v. Orangewood, LLC*, No.
19-00946-DSF-(JCx), ¶ 25. A copy of the First Amended Complaint in that case is attached
to the Stillman Declaration as Exhibit 3.

1 place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of

2 defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the

3 plaintiff's frequency of travel near defendant." *Harris v. Del Taco, Inc.*, 396 F. Supp. 2d

4 1107, 1113 (C.D. Cal. 2005) (citation and quotation marks omitted); *Johnson v. Overlook*

5 *At Blue Ravine, Ltd. Liab. Co.*, 2012 U.S. Dist. LEXIS 102056 (E.D. Cal. July 20, 2012).

6     Speculative, "some day" intentions of visiting a facility will not support standing.

7 *Lujan*, 504 U.S. at 564. A general intent to return to a public accommodation is

8 "insufficient to confer standing in an action for injunctive relief." *Molski v. Kahn Winery*,

9 405 F.Supp.2d 1160, 1168 (C.D. Cal. 2005)(citing *Lujan*, 504 U.S. at 564). A plaintiff

10 "lacks standing if he is indifferent to returning [] or if his alleged intent to return is not

11 genuine, or if the barriers he seeks to enjoin do not pose a real and immediate threat to him

12 due to his particular disability." *Chapman*, 631 F.3d at 953. When analyzing plaintiff's

13 intent to return to establish an "injury in fact," the Supreme Court has held that the

14 plaintiff's "profession of an intent to return . . . [was] simply not enough" for standing.

15 *Lujan*, 504 U.S. at 564. The plaintiff's intent to return was only backed by a statement that

16 she "intended to go back" but did not offer any definitive time other than some time "in the

17 future." *Id*. The Court ruled that "such 'some day' intentions—without any description of

18 concrete plans, or indeed even any specification of when the some day will be" do not

19 establish an intent to return as necessary for standing. *Id*.

20     1.   **Proximity Of The Hotel To Plaintiff's Residence.**

21     Here, Plaintiff lives more than 488 miles from Defendant's hotel.[4] If a plaintiff lives

22 more than 100 miles from the public accommodation, "the distance subverts a professed

23 intent to return." *Id*. (citing *Molski*, 405 F.Supp.2d at 1164) However, given that

24 _____

25     [4] Although the Complaint does not state the distance between Plaintiff's residence
26 and Defendant's hotel, it lists Plaintiff's address in the caption. Google Maps yields a
distance of about 488 miles between Plaintiff's residence and the hotel. The Court can take
27 judicial notice of this fact pursuant to Fed. R. Evid. 201(b). *Strojnik v. Pasadena Robles*
*Acquisition, LLC*, No. 19-CV-02067-AB (PJWx) (C.D.Cal. August 14, 2019) at n. 2.
28

Defendant's business is a hotel, which is meant to lodge individuals who are far from their residence, this factor comes out as neutral in the balancing test.

### 2. Plaintiff's Past Patronage Of The Hotel.

This factor looks to the plaintiff's history of visits to the subject business. Plaintiff does not allege that he has visited Defendant's hotel in the past nor does Plaintiff allege that he has visited the Bakersfield area in general except for the single trip mentioned in the Complaint. Plaintiff's lack of any past patronage is even further undermined by how far away Defendant's hotel is from his residence. In any case, Plaintiff has provided no evidence of a sincere intent to visit the Bakersfield area at all, let alone Defendant's hotel in particular.

A lack of patronage before the visits giving rise to the lawsuit is a factor that strongly favors the defendant business. *Brooke v. H.P. Hospitality, LLC*, 2017 U.S. Dist. LEXIS 214372, at *8; *see also Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *8-9. Here, it does not appear that Plaintiff has ever visited Defendant's hotel before the facts giving rise to this lawsuit, let alone the entire Bakersfield area. This factor strongly favors Defendant.

### 3. Definitiveness of Plaintiff's Plans to Return

If a plaintiff does not have concrete and genuine plans to return to the subject business, then this factor weighs in the defendant's favor. *Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *9-*11. In *Blue Ravine*, for example, plaintiff Scott Johnson testified that he did not intend to go back to the defendant business until "the action is resolved and the property alterations are complete." *Id.* at *9. The Eastern District Court found this intention insufficient, and that it provided "no definite intent to return," strongly favoring the defendant. *Id*. at *9-10. In the instant Complaint, Plaintiff has alleged an even lesser intent to go to Defendant's hotel: "Plaintiff intends to visit Defendant's Hotel at a specific time when the Defendant's noncompliant Hotel becomes fully compliant with ADAAG." Compl. ¶ 12. Plaintiff has provided only a "'some day'" intention, "'without any description of concrete plans, or indeed even any specification of when the someday will be....'" *Lujan*, 504 U.S. at 564. Particularly when considered in light of the far distance

1  between Plaintiff's residence and the subject business, any sincerity in his supposed plans
2  to return is out the window. This factor weighs heavily in Defendant's favor.

3      4.  **Plaintiff's Frequency of Travel Near Defendant's Hotel**

4       When considering this factor, a court looks to the plaintiff's assertion of
5  frequent travel near the defendant's business, such that the plaintiff would inherently be
6  more likely to frequent the business. *See Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at
7  *11; *see also Lema v. Comfort Inn, Merced*, 2012 U.S. Dist. LEXIS 42170 (E.D.Cal. March
8  27, 2012) at *5. If a plaintiff does not allege any facts supporting his or her frequency of
9  travel near the defendant business, then this factor should weigh in the defendant's favor. In
10  *Blue Ravine*, plaintiff Scott Johnson provided no allegations or evidence that he had
11  "specific ties" to the defendant's property, or any other particular reason to frequent the
12  area. *Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *11. The court therefore found this
13  factor to "strongly favor[]" the defendant. *Id.*

14       Similarly here, Plaintiff does not allege the frequency of his visits near Defendant's
15  hotel.  Plaintiff does not allege that he has visited the Bakersfield area in the past, that he
16  has concrete plans to do so in the future, or that the Hotel is in the geographic zone that
17  Plaintiff typically travels as part of his regular activities. Therefore, this factor weighs
18  strongly in Defendant's favor, particularly combined with the distance between the subject
19  business and Plaintiff's residence.

20       In sum, only one of the four factors possibly weighs in Plaintiff's favor, and only
21  slightly at that. The same balance of the factors was present in *Blue Ravine*, where the court
22  found that the plaintiff was not able to establish a genuine and definite intent to return to
23  the defendant's business. Plaintiff has entirely failed to demonstrate a definite intent to
24  return to Defendant's hotel. He therefore fails to establish standing through injury-in-fact
25  and intent to return.

26      5.  **Additional Factors Weigh Against An "Intent To Return."**

27       In addition, the purpose of the "intent to return" road to standing is to show that the
28  plaintiff will likely be harmed because barriers "continue to exist at a place of public

accommodation to which he intends to return." *Chapman*, 631 F.3d at 953. Here, Plaintiff's intent to return is expressly contingent on the hotel coming into compliance with the ADA, thus Plaintiff will not return unless the hotel comes into compliance so he will necessarily not encounter accessibility barriers at that time. Plaintiff's own intent allegation therefore forecloses standing based on the intent to return option. *Strojnik v. Pasadena Robles Acquisition, LLC*, No. 19-cv-02067-AB (PJWx) (C.D.Cal. August 14, 2019) at *5-6. Given that the Hotel is not in the state where Plaintiff resides, and Plaintiff makes no allegations that he frequents the Bakersfield area or has concrete plans to do so in the future, Plaintiff's hypothetical allegations are insufficient to plead standing to sue for injunctive relief under the ADA because of architectural barriers at the Hotel.

C.  Plaintiff Has Not Alleged Facts Showing He Is Deterred From Returning to Defendant's Hotel.

An individual can prove "injury-in-fact" by showing that he is deterred from patronizing a public accommodation due to a defendant's failure to comply with the ADA. *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002). But a plaintiff's claimed deterrence cannot be merely "conjectural or hypothetical." *Vogel v. Salazar*, 2014 WL 5427531, at *2 (C.D. Cal. Oct. 24, 2014). A plaintiff must allege facts to show that he "would return to the establishment if the establishment were compliant with the ADA." *Id.*

To adequately plead deterrence, a plaintiff must provide more than the empty allegation that he or she "was deterred;" rather, some sort of corroborating facts are necessary to demonstrate to the court that the "threat of future injury [is] sufficiently 'imminent' to permit a plaintiff to sue for injunctive relief." *Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *11-12 (quoting *Chapman*, 631 F.3d at 949).

In *Vogel*, the plaintiff merely stated that due to "physical and intangible" barriers, he was "deterred" and "continue[d] to be deterred from visiting" the defendant's public accommodation. *Id.* at *2. The court stated that the plaintiff "failed to assert or point to any colorable facts to prove that his assertion of deterrence is not merely hypothetical" because

1  the plaintiff did not provide any evidence that he would return to the public accommodation
2  if it were ADA compliant. *Id.* Thus, the court found that the plaintiff's claims did not show
3  that he was deterred from returning. *Id.*

4       Here, like in *Vogel*, Plaintiff has failed to point to any facts showing that his intent to
5  return to Defendant's hotel is not merely hypothetical. Plaintiff only stated that he is
6  "deterred from visiting the Hotel" and intends to visit once it is ADA compliant. Compl. ¶¶
7  11-12. Plaintiff has alleged no *facts* to support his bare legal conclusion that he would
8  return to the hotel if it were brought into compliance and therefore has not pled deterrence.
9  Accordingly, Plaintiff lacks standing under the ADA.

10  D.    Plaintiff Lacks Standing To Claim Injunctive Relief.

11       "To establish standing to pursue injunctive relief under the ADA, a plaintiff must
12  also "demonstrate a 'real and immediate threat of repeated injury' in the future." *Brooke v.*
13  *H&K P'ship*, 2016 U.S. Dist. LEXIS 148572, at 5 (E.D. Cal. Oct. 26, 2016) citing
14  *Chapman*, 631 F.3d at 946.  Here, Strojnik has filed 20 lawsuits from Arizona against
15  businesses and hotels in the Central District alone, in each one claiming that he intends to
16  return to each of the businesses.  As one court stated in referring to ADA cases filed by
17  Strojnik's son (also named Peter Strojnik), "This sort of litigation-by-the-truckload is
18  transparently designed to extract settlements, not advance worthy ADA goals, and the
19  Court is wary of encouraging such an approach. *Brooke v. Newport Hotel Holding LLC*,
20  2016 U.S. Dist. LEXIS 187101, at *9 (C.D. Cal. Apr. 29, 2016).  The allegation that
21  Strojnik intends to actually return to each of the hotels that he has sued in this district and
22  others is simply implausible and Strojnik should be required to plead specifically why he
23  will be staying at each of the many hotels that he has sued, if only the alleged barriers were
24  removed.  Barring such specificity, Plaintiff cannot demonstrate a "real and immediate
25  threat of repeated injury" in the future and is not entitled to injunctive relief.

26  E.    Plaintiff's ADA Cause Of Action Also Fails To State A Claim.

27       An individual alleging discrimination under Title III must show (1) he is disabled as
28  that term is defined by the ADA; (2) the defendant is a private entity that owns, leases, or

operates a place of public accommodation; (3) the defendant employed a discriminatory policy or practice; and (4) the defendant discriminated against the plaintiff based upon the plaintiff's disability by (a) failing to make a requested reasonable modification that was (b) necessary to accommodate the plaintiff's disability. *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1082 (9th Cir. 2004). As set forth above, Plaintiff's claims of disability are suspect and call into question the adequacy of the first and second elements of the claim. However, Plaintiff's complaint is devoid of any allegations that would satisfy the fourth element.

The ADA Accessibility Guidelines ("ADAAG") are codified at 28 C.F.R. Pt. 36, Appendix A. 28 C.F.R. § 36.402(a) and provide that "any alteration to a place of public accommodation . . . after January 26, 1992, shall be made so as to ensure that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities." *Moore v. Dollar Tree Stores Inc.*, 85 F. Supp. 3d 1176, 1182 (E.D. Cal. 2015). Under the ADA, alterations to commercial facilities completed between January 26, 1992 and September 15, 2010 are subject to the 1991 ADAAG Standards. 28 C.F.R. §§ 36.401, 36.406.

Plaintiff claims that he booked a room at the Hotel, and he claims that there were aspects of his room that supposedly violated the ADAAG. Plaintiff does not specify *which* ADAAG, *i.e.*, 1991 or 2010 he is relying upon, nor does he cite any particular section of ADAAG. Thus, even if Plaintiff could show standing, the claim is still defective.

## II.

## THE UNRUH ACT CLAIMS MUST ALSO BE DISMISSED

The standing required to pursue monetary relief under the Unruh Act is different from standing to seek injunctive relief under federal or state law. *Reycraft v. Lee*, 177 Cal. App. 4th 1211 (2009). Unlike the ADA, standing under the Unruh Act is established where a disabled plaintiff can show he or he actually presented himself or herself to a business or public place with the intent of purchasing its products or utilizing its services in the manner in which those products and/or services are typically offered to the public and was actually

1   denied equal access on a particular occasion. *Reycraft*, 177 Cal. App. 4th at 1224.   Thus,

2   although Strojnik alleges that he booked a room at the hotel, as with his ADA claim, he

3   fails to explain how any architectural barriers actually denied him equal access to the hotel.

    For example, a plaintiff cannot recover damages unless the violation *actually* denied

5   him or her equal access to some public facility. *Urhausen v. Longs Drug Stores Cal., Inc.*,

6   155 Cal. App. 4th 254, 265-66 (2007). In *Urhausen*, the court rejected the plaintiff's

7   attempt to equate a "denial of equal access" with the presence of a violation of federal or

8   state regulations.  As the court held, under that theory,

9       any disabled person could sue for statutory damages whenever he or he
        encountered noncompliant facilities, regardless of whether that lack of
10      compliance actually impaired the plaintiff's access to those facilities. Plaintiff's
        argument would thereby eliminate any distinction between a cause of action
11      for equitable relief under section 55 and a cause of action for damages under
        section 54.3 . . .

12  *Id.*

13      In Strojnik's Second and Third Causes of Action, Strojnik cannot allege that he was

14  actually denied access to the hotel.  Although he alleges that he experienced architectural

15  barriers, he fails to explain how those alleged "barriers" impaired his ability to access the

16  hotel or its services – especially when it is apparent that, while he may experience pain, he

17  is not in a wheelchair and does not use a wheelchair.  "[T]he cases interpreting the Act have

18  consistently held that an individual plaintiff has standing to bring claims thereunder only if

19  he or he has been the victim of the defendant's discriminatory act." *Surrey v.*

20  *TrueBeginnings, LLC*, 168 Cal. App. 4th 414, 419 (2008).  Thus, if he is able to "ambulate"

21  as he calls it, it is irrelevant whether there are lowered counters, allegedly improper

22  hardware, etc. *Toyota*, 534 U.S. at 195.

23                                         **III.**

24  **PLAINTIFF'S NEGLIGENCE CAUSE OF ACTION FAILS TO STATE A CLAIM**

25      Dismissal of an action under Rule 12(b)(6) is proper where there is either a "lack of a

26  cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

27  theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Strojnik's

28  Negligence cause of action should be dismissed with prejudice on both grounds.  The

essential elements of a negligence claim are that: (1) the defendant was negligent; (2) the plaintiff was harmed; and (3) the defendant's negligence was a substantial factor in causing plaintiff's harm. California Civil Jury Instructions ("CACI") 400. "[A] complaint...must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Plaintiff has no viable legal theory of negligence. Although Plaintiff does not identify his negligence cause of action as "negligence per se," the allegations of negligence are based solely on the alleged violations of the ADA and/or Unruh Act, violation of neither of which statutes supports a negligence claim.

The negligence per se presumption operates only to establish a lack of due care. "The presumption of negligence created by Evidence Code § 669 concerns the standard of care, rather than the duty of care." *Rice v. Ctr. Point, Inc.*, 154 Cal. App. 4th 949, 958-59 (2007). "[A]n underlying claim of ordinary negligence must be viable before the presumption of negligence of Evidence Code section 669 can be employed. … '[I]t is the tort of negligence, and not the violation of the statute itself, which entitles a plaintiff to recover civil damages. …'" *Id.* citing *California Service Station etc. Assn. v. American Home Assurance Co.* 62 Cal.App.4th 1166, 1178 (1998).

A.      There Is No Viable Negligence Claim.

Strojnik does not allege any violation of a duty of care that was a substantial factor in causing Plaintiff's harm. Strojnik only alleges that "Defendant had a duty to Plaintiff to remove ADA accessibility barriers so that Plaintiff as a disabled individual would have full and equal access to the public accommodation." Complaint, ¶ 34, and that "Defendant breached this duty." Complaint, ¶ 35. However, the violation of a statute is only evidence of the standard of care, not the *duty* of care. Strojnik must first allege that there was a duty of care that was breached to state a viable negligence claim.

Second, Strojnik repeatedly alleges that the Defendant's conduct in failing to remove (nonexistent) "ADA accessibility barriers" was "knowing and intentional." Compl., ¶¶ 36-

39. Intentional conduct cannot support a claim of negligence. *United States ex rel. Knapp v. Calibre Sys.,* 2011 U.S. Dist. LEXIS 119589 at *14 (C.D.Cal. Oct. 17, 2011); *Monaghan v. El Dorado Cnty. Water Agency*, 2012 U.S. Dist. LEXIS 14900 at *26 (E.D.Cal. Feb. 6, 2012).

Third, even assuming that Plaintiff could otherwise state a negligence claim, Strojnik cannot demonstrate that he has personally suffered any harm from the alleged failure to remove any hypothetical barriers *because he never identified how any barrier injured him*.

B.     Negligence Cannot Be Based On The ADA.

The ADA does not establish the applicable standard of care. "Whether a particular statute, administrative regulation or local ordinance is utilized to define the standard of care in a negligence action is clearly a question of law to be determined exclusively by the court." *Westbrook v. DTG Operations, Inc.*, 2007 U.S. Dist. LEXIS 14653, at *18-19 (D. Nev. Feb. 28, 2007). Under either the ADA or the Unruh Act, there are no accessibility guidelines that if not met are per se unreasonable or that constitutes a per se barrier under the ADA Guidelines. *Guerra v. W. L.A. Coll.*, 2018 U.S. Dist. LEXIS 141029, at *19-20 (C.D. Cal. Aug. 20, 2018). The ADA does not fall under the class of statutes that serve as a predicate for negligence per se. *Westbrook*, 2007 U.S. Dist. LEXIS 14653, at *18-19 (applying Nevada law); *Scarborough v. Brown Group, Inc.*, 935 F. Supp. 954, 964 (W.D. Tenn. 1995)(finding that Title VII is not the type of law encompassed under negligence per se because such claims may be supported only by statutes and regulations relating to public safety, such as health regulations and rules of the road).

As the Court held in *Estate of Saylor*, 54 F.Supp.3d 409 (D. Md. 2014), negligence cannot be based on a breach of the ADA because, for a breach of a statute to be evidence of negligence, the statute typically must pertain to public safety or health, whereas the ADA is an anti-discrimination statute. Similarly in *White v. NCL America, Inc.*, 2006 WL 1042548 (S.D. Fla. 2006), the Court held that "[b]ecause the ADA was not designed to protect those with disabilities from personal injuries, Plaintiff is unable to state a claim for negligence per se." Transforming ordinary ADA claims into negligence claims would be inappropriate

expansion of ADA law. As the court held in *Urhausen*, 155 Cal. App. 4th at 267, rejecting the application of negligence per se:

> Although there was no dispute, at least on the motions for judgment on the pleadings, that the disabled accessible parking space did not satisfy applicable slope regulations, "[n]ot every infraction of a statute will result in civil liability." (*Nunneley v. Edgar Hotel* (1950) 36 Cal.2d 493, 497 [225 P.2d 497].

In light of Plaintiff's failure to establish that Defendant has denied him access to Defendant's facilities or that he even has a viable "architectural accessibility" claim pursuant to the ADA, the Fourth Cause of Action should be dismissed *with* prejudice. *Guerra v. W. L.A. Coll.*, 2018 U.S. Dist. LEXIS 141029, at *34-35 (C.D. Cal. Aug. 20, 2018).

C.    Plaintiff's Request For Punitive Damages Should Be Stricken.

In connection with his Fourth Cause of Action, Strojnik seeks punitive damages. Punitive damages are not available for negligence. Complaint, ¶ 39. For any cause of action, "punitive damages are allowed only upon a showing of "oppression, fraud, or malice." Civ. Code, § 3294. Negligence, even if gross or reckless, cannot justify punitive damages. *Krusi v. Bear, Stearns & Co.,* 144 Cal.App.3d 664, 679 (1983); *Lee v. Bank of Am.*, 218 Cal. App. 3d 914, 920 (1990); *Strojnik v. Orangewood LLC*, 19-00946-DSF-(JCx) (C.D.Cal. Aug. 8, 2019) at *10 (striking request for punitive damages in Strojnik's negligence claim).

///
///
///
///
///
///
///
///

## CONCLUSION

For the foregoing reasons, Defendant requests that this Court grant its Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6) with prejudice and without leave to amend.

Respectfully Submitted,

STILLMAN & ASSOCIATES

Dated: September 22, 2019          By:_____
                                          Philip H. Stillman, Esq.
                                   Attorneys for defendant BAKERSFIELD
                                   CONVENTION HOTEL I, LLC

**PROOF OF SERVICE**

I, the undersigned, certify under penalty of perjury that on September 22, 2019 or as soon as possible thereafter, copies of the foregoing Motion to Dismiss, Memorandum of Points and Authorities, Declaration of Philip H. Stillman, and Proposed Order was served electronically by the Court's ECF notice to all persons/entities requesting special notice or otherwise entitled to the same and via email to Plaintiff's email address listed with this Court.

By: /s/ *Philip H. Stillman*
Attorneys for BAKERSFIELD CONVENTION
HOTEL I, LLC.