Peter Strojnik (Sr.),
7847 N. Central Ave.
Phoenix, Arizona 85020
602-524-6602
ps@strojnik.com

**FILED**
SEP 30 2019
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

PETER STROJNIK (SR.),

Plaintiff,

vs.

BAKERSFIELD CONVENTION HOTEL I, LLC,

Defendant.

Case No: 1:19-cv-01098-JLT

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS (Doc 9)**

## INTRODUCTION AND SUMMARY

Plaintiff Peter Strojnik is an immigrant, a veteran[1] and a disabled person as defined by the ADA and Unruh. Defendant owns an ADA, Unruh and DPA non-compliant lodging facility ("Hotel") in Bakersfield, California which is a public accommodation pursuant to 42 U.S.C. § 12181(7)(A) and Unruh. Strojnik is an ADA tester attempting to advance the time when public accommodations comply with the ADAAG.

Defendant mounts a facial attack against the Complaint. In a facial attack, the moving party asserts that the lack of federal subject matter jurisdiction appears on the "face of the pleadings." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). In the case of a facial attack, the court is required to accept as true all factual

---

[1] DMZ '72-'74

allegations set forth in the complaint, to the extent that all such allegations are not contradicted by the documents incorporated by reference. *See id.*

Plaintiff lodged in Defendant's Hotel on June 5, 2019 and encountered barriers to accessibility documented in Addendum A to the Complaint which "interfere[d] with Plaintiff's full and complete enjoyment of the Hotel". *Complaint*, Doc 1 at ¶17.

As more fully addressed below, Defendant's passionate arguments facially conflict with the allegations in the Complaint and, indeed, with the current state of Federal and State law in the following respects:

I. In its first argument, Defendant argues that Plaintiff lacks standing because, allegedly,
   A. Complaint fails to allege an injury in fact *because*
      1. It (allegedly) does not identify the relationship between the disability and the barriers to accessibility; and
      2. It (allegedly) has not shown that he has disability that relates to the barriers in Addendum A.
   B. The allegation of "intent to return" is inadequate.
   C. The allegations supporting his "deterrence" are not supported by facts.

Notable in Defendant's Motion is complete avoidance of the *Civil Rights Education and Enforcement Center v. Hospitality Properties Trust*, 867 F.3d 1093 (9th Cir. 2017) ("CREEC") case which disposes of its ADA and Unruh standing argument. Defendant also fails to consider that under FRCP Rule 9(b), *intent to return* may be alleged generally.

II. In ITS second argument, Defendant alleges that if the ADA claim fails, so must the Unruh claim.
   However, since the ADA claim is properly pled, so it the Unruh claim.

III. In its third argument, Defendant advances the proposition that California law does not recognize a negligence claim.
   On the question of viability of a negligence claim, Defendant ignores California's standing law on the matter all as more fully developed below.

## A WORD ABOUT DEFENDANT'S EXHIBITS

Attached to Declaration of Philip H. Stillman is copy of the Order Granting Defendant's Motion to Dismiss in *Strojnik v. Orangewood, LLC*, Case No. 19-00946-DSF-(JCx) (C.D.Cal. Aug. 8, 2019). That dismissal was with leave to amend which was exercised as noted in Defendant's Exhibit 3.

Also attached is a copy of the Order dismissing with prejudice the Complaint in *Strojnik v. Pasadena Robles Acquisition, LLC*, Case No. 2:19-CV-02067-AB (PJWx) (C.D.Cal. Aug. 14, 2019) This dismissal is on appeal. *See* exhibit 1.

## MEMORANDUM

### I. PLAINTIFF HAS ADA STANDING

In the ADA context, the Ninth Circuit finds an "injury in fact" sufficient to support standing where a barrier deters a disabled person from "returning" to a place of business. *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1137 (9th Cir. 2002). This is known as the "deterrent effect doctrine." *Id.* A plaintiff may have standing under the deterrent effect doctrine if a plaintiff encountered barriers related to his disability and is thereby deterred from returning. *Chapman V. Pier 1 Imports, Inc.*, 631 F.3d 939 (2011); *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031 (9th Cir. 2008); *Doran v. 7–Eleven, Inc.*, 524 F.3d 1034 (9th Cir. 2008)

In *Civil Rights Enforcement Center v. Hospitality Properties Trust*, 867 F.3d 1093, 1099 (9th Cir. 2017) ("CREEC") the Court strongly affirmed its prior decision in *Pickern*. In *CREEC* the class action Plaintiffs contended that they were "presently deterred from visiting [defendant's] hotels." The plaintiffs' complaint in *CREEC* stated that "they intend to visit the relevant hotels, but have been deterred from doing so by the hotels' noncompliance with the ADA." Id. On the basis of this allegation, the court concluded that "[plaintiffs'] harm is 'concrete and particularized,' and their intent to visit the hotels once they provide equivalent shuttle service for the disabled renders their harm 'actual or imminent, not conjectural or hypothetical.'" Id.

Further, the defendant in CREEC, as Defendant here, contended that plaintiffs (1) did not actually visit the hotels they just telephoned the hotel to inquire about

transportation services available to disabled guests[2]; (2) they do not intend to do so unless and until the alleged ADA violations are remedied; and (3) plaintiffs are motivated to visit the hotels only by their desire to test them for AD First, here Plaintiff actually visited and lodged at the hotel where he encountered architectural barriers. A compliance. Id.

The court rejected all of defendant's arguments. First, the court held that "the purported requirement urged by [defendant] of a 'personal encounter' with an access barrier lacks foundation in Article III" and "actually visiting a hotel, as opposing to phoning, does not make a plaintiff's injury any more concrete." Id. The court further held that "[i]t is the plaintiff's 'actual knowledge' of a barrier, rather than the source of that knowledge, that is determinative." Id.

Moreover, the court held that the named plaintiffs need not intend to visit the hotels until after remediation. The court rejected defendant's argument that plaintiff must establish a sufficient likelihood that they will again be wronged in a similar way because the injury continues so long as the equivalent access is denied. Id. at 1100-01. While relying on Tenth Circuit case law, the court held that the motivation to visit is irrelevant to the question of standing under Title III of the ADA and that, as ADA testers, their status does not deprive plaintiffs of standing. Id. at 1102.

Here, Plaintiff alleges:

2. Plaintiff Peter Strojnik is a veteran and a disabled person as defined by the ADA, Unruh and DPA.

3. Plaintiff is a single man currently residing in Maricopa County, Arizona. Plaintiff is and, at all times relevant hereto has been, legally disabled by virtue of a severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate cancer and renal cancer, degenerative right knee and is therefore a member of a protected class under the ADA and Unruh.

4. Plaintiff suffers from physical impairments described above which impairments substantially limit his major life activities. Plaintiff walks with difficulty and pain and requires compliant mobility accessible features at places of public accommodation. Plaintiff's impairment is constant, but the degree of pain is episodic ranging from dull and numbing pain to extreme and excruciating agony.

---

[2] Here Plaintiff actually visited and lodged at the hotel where he encountered architectural barriers.

4

5. Defendant, owns, operates leases or leases to a lodging business ("Hotel") located at 801 Truxton Ave., Bakersfield CA 93301 which is a public accommodation pursuant to 42 U.S.C. § 12181(7)(A) and Unruh.

***

10. The ADAAG and Unruh violations in this Complaint relate to barriers to Plaintiffs mobility. This impairs Plaintiff's full and equal access to the Hotel which, in turn, constitutes discrimination satisfying the "injury in fact" requirement of Article III of the United States Constitution.

11. Plaintiff is deterred from visiting the Hotel based on Plaintiff's knowledge that the Hotel is not ADA and Unruh compliant as such compliance relates to Plaintiff's disability.

12. Plaintiff intends to visit Defendant's Hotel at a specific time when the Defendant's noncompliant Hotel becomes fully compliant with ADAAG; just as a disabled individual who intends to return to a noncompliant facility suffers an imminent injury from the facility's existing or imminently threatened noncompliance with the ADA, a plaintiff who is deterred from patronizing a hotel suffers the ongoing actual injury of lack of access to the Hotel.

***

13. By virtue of his disability, Plaintiff requires an ADA compliant lodging facility particularly applicable to his mobility, both ambulatory and wheelchair assisted.

14. Plaintiff visited Bakersfield and, in particular, the Hotel, on or about June 5, 2019.

15. Plaintiff encountered barriers to accessibility documented in Addendum A which is by this reference incorporated herein.

16. The ADA and Unruh violations described in Addendum A relate to Plaintiff's disability and interfere with Plaintiff's full and complete enjoyment of the Hotel.

17. Plaintiff booked a room.

18. The removal of accessibility barriers listed above is readily achievable.

19. As a direct and proximate result of ADA Violations, Defendant's failure to remove accessibility barriers prevented Plaintiff from equal access to the Defendant's public accommodation.

Plaintiff's Complaint is unassailable on standing grounds.

## II. PLAINTIFF HAS STATUTORY UNRUH AND DPA STANDING

In California, "[t]wo overlapping laws, the Unruh Civil Rights Act (§ 51) and the Disabled Persons Act (§§ 54-55.3), are the principal sources of state disability access protection." (*Jankey v. Lee* (2012) 55 Cal. 4th 1038, 1044 [150 Cal. Rptr. 3d 191, 290 P.3d 187] (*Jankey*).) "The Unruh Civil Rights Act broadly outlaws arbitrary discrimination in public accommodations and includes disability as one among many prohibited bases. (§ 51, subd. (b).) As part of the 1992 reformation of state disability law, the Legislature amended the Unruh Civil Rights Act to incorporate by reference the ADA [the Americans with Disabilities Act of 1990], making violations of the ADA per se violations of the Unruh Civil Rights Act. (§ 51, subd. (f); *Munson v. Del Taco, Inc., supra*, 46 Cal. 4th at pp. 668-669.) This amendment was intended to extend to disabled individuals aggrieved by an ADA violation the full panoply of Unruh Civil Rights Act remedies. (*Munson*, at p. 673.) These include injunctive relief, actual damages (and in some cases as much as treble damages), and a *minimum* statutory award of $4,000 per violation. (§ 52, subds. (a), (c)(3); *Turner v. Association of American Medical Colleges* (2011) 193 Cal. App. 4th 1047, 1058, [123 Cal. Rptr. 3d 395].)" (*Jankey, supra*, 55 Cal. 4th at p. 1044.) "The Act is to be given a liberal construction with a view to effectuating its purposes." (*Koire v. Metro Car Wash* (1985) 40 Cal. 3d 24, 28 [219 Cal. Rptr. 133, 707 P.2d 195] (*Koire*).)

Standing under the Unruh Civil Rights Act is broad. When "any person or group of persons is engaged in conduct of resistance to the full enjoyment of any of the rights described in this section... any person aggrieved by the conduct may bring a civil action...." (§ 52, subd. (c).) As the Supreme Court stated, "[A]n individual plaintiff has standing under the Act if he or she has been the victim of the defendant's discriminatory act." (*Angelucci v. Century Supper Club* (2007) 41 Cal. 4th 160, 175 [59 Cal. Rptr. 3d 142, 158 P.3d 718] (*Angelucci*).) "The prerequisites for standing to assert statutorily-based causes of action are to be determined from the statutory language, as well as the underlying

legislative intent and the purpose of the statute." *Surrey v. True Beginnings* (2008) 168 Cal.App.4th 414, 417-18 [85 Cal. Rptr. 3d 443] (*Surrey*) "The focus of the standing inquiry is on the plaintiff, not on the issues he or she seeks to have determined; he or she must have a special interest that is greater than the interest of the public at large and that is concrete and actual rather than conjectural or hypothetical." (*Id.* at p. 417.)

Here, Plaintiff has individualized interest in the Unruh and DPA cause of action because he personally and individually experienced barriers to accessibility.

### III. PLAINTIFF'S NEGLIGENCE PER SE CLAIM IS ADEQUATELY STATED

Traditionally, "to state a cause of action for negligence, a plaintiff must allege (1) the defendant owed the plaintiff a duty of care, (2) the defendant breached that duty, and (3) the breach proximately caused the plaintiff's damages or injuries." *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 62 (2013). "Under the doctrine of negligence per se, the plaintiff 'borrows' statutes to prove duty of care and standard of care." *David v. Hernandez*, 226 Cal. App. 4th 578, 584 (2014) (internal citation omitted). "The doctrine of negligence per se is based on 'the rule that a presumption of negligence arises from the violation of a statute which was enacted to protect a class of persons of which the plaintiff is a member against the type of harm that the plaintiff suffered as a result of the violation.'" *Id.* Thus, to establish negligence per se, a plaintiff must show that (1) defendant violated a statute, ordinance or regulation of a public entity, (2) the violation proximately caused his injury, (3) the injury resulted from an occurrence of the nature which the statute was designed to prevent; (4) he was one of the class of persons for whose protection the statute was adopted. *Sierra-Bay Fed. Land Bank Assn. v. Superior Court*, 227 Cal. App. 3d 318, 336 (1991).

Here, Plaintiff alleges that (1) Defendant violated ADA, Unruh and DPA, (2) the violation proximately caused his injury, (3) the injury resulted from discriminatory conduct which ADA, Unruh and DPA are designed to prevent and (4) Plaintiff is one of the class of persons for whose benefit ADA, Unruh and DPA were adopted.

## CONCLUSION AND PRAYER FOR RELIEF

For the foregoing reasons Plaintiff respectfully requests that Defendant's Motion be denied in its entirety. To the extent that the allegations in the complaint inadvertently omit sufficient jurisdictional allegations, Plaintiff requests leave to amend.

DATED this 25th day of September 2019.

PETER STROJNIK

Plaintiff

Mailed to the District Court this 25th day of September 2019.

E-mailed to counsel for defendant this 25th day of July, 2019.

Philip H. Stillman, Esq. SBN# 152861
STILLMAN & ASSOCIATES
3015 North Bay Road, Suite B
Miami Beach, Florida 33140
Tel. and Fax: (888) 235-4279
pstillman@stillmanassociates.com

/s/

EXHIBIT 1

Peter Strojnik
7847 N. Central Ave
Phoenix, Arizona 85020
602-524-6603
ps@strojnik.com

FILED
CLERK U.S. DISTRICT COURT
AUG 2 8 2019
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK, | Case No: 2:19-cv-02067-AB-PJW |
| Plaintiff, | **NOTICE OF APPEAL** |
| vs. | |
| PASADENA ROBLES ACQUISITION, LLC, | |
| Defendant. | |

Plaintiff appeals the decision of this Court dismissing the case with prejudice [Doc. 23]

RESPECTFULLY dated this 26th day of August, 2019.

PETER STROJNIK

Peter Strojnik

Mailed this 12th day of August, 2019, to the Clerk of the District Court:

PACER distributed to:

LEWIS BRISBOIS BISGAARD & SMITH LLP SHANE SINGH
SB# 202733
E-Mail: Shane.Singh@lewisbrisbois.com
2020 West El Camino Avenue
Suite 700
Sacramento, California 95833