# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK,<br><br>Plaintiff,<br><br>v.<br><br>BAKERSFIELD CONVENTION HOTEL I, LLC DBA BAKERSFIELD MARRIOTT AT THE CONVENTON CENTER,<br><br>Defendant. | 1:19-cv-01098 LJO JLT<br>**MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>**(ECF NO. 9)** |

## I. INTRODUCTION

Plaintiff Peter Strojnik ("Plaintiff"), *pro se*, has filed thousands of disability discrimination cases against hotel defendants in state and federal courts,[1] and this is one of those cases. In this particular case,

---

[1] Citing to the State Bar of Arizona, Judge Mollway noted that as of July 13, 2018, Plaintiff had filed "more than 1,700 complaints in a State Court and more than 160 complaints in a District Court alleging violations of the Americans with Disabilities Act (ADA) and the Arizonans with Disabilities Act (AzDA)." *Strojnik v. Kapalua Land Co. Ltd*, 379 F. Supp. 3d 1078, 1080 (D. Haw. 2019) (citing *Attorney Peter Strojnik Placed on Interim Suspension for Milking ADA Violations, State Bar of Arizona* (July 13, 2018), https://www.azbar.org/newsevents/newsreleases/2018/07/interimsuspension-peterstrojnik/).

Plaintiff claims that Defendant Bakersfield Convention Hotel I, LLC dba Bakersfield Marriott at the Convention Center ("Defendant") violated the Americans with Disability Act ("ADA"), California Unruh Civil Rights Act (the "Unruh Act"), and California Disabled Persons Act ("CDPA") and was negligent in breaching its statutory duty to remedy certain barriers to accessibility. Defendant in turn filed the instant Motion to Dismiss (the "Motion") on September 23, 2019, contending that Plaintiff lacks standing under Rule 12(b)(1) and has failed to allege sufficient facts to constitute a negligence claim under Rule 12(b)(6).

The matters were taken under submission on the papers pursuant to Local Rule 230(g). Having considered all of the arguments raised in the parties' submissions in light of the relevant law, the Court GRANTS Defendant's Motion.

---

In reply, Defendant suggests, without any authority, that the Court should consider the nature of Plaintiff's serial litigation in ruling on the instant Motion to Dismiss. ECF No. 12 at 4-5. As a matter of law, this suggestion directly contradicts Ninth Circuit authorities. For instance, in the context of whether to impose a pre-filing review, the Ninth Circuit has said:

> [T]he ADA does not permit private plaintiffs to seek damages, and limits the relief they may seek to injunctions and attorneys' fees. We recognize that the unavailability of damages reduces or removes the incentive for most disabled persons who are injured by inaccessible places of public accommodation to bring suit under the ADA. As a result, most ADA suits are brought by a small number of private plaintiffs who view themselves as champions of the disabled. District courts *should not* condemn such serial litigation as vexatious as a matter of course. For the ADA to yield its promise of equal access for the disabled, it may indeed be necessary and desirable for committed individuals to bring serial litigation advancing the time when public accommodations will be compliant with the ADA.

*Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1061-62 (9th Cir. 2007) (emphasis added) (citations omitted). "Courts must tread carefully before construing a Disability Act plaintiff's history of litigation against him." *Antoninetti v. Chipotle Mexican Grill, Inc.*, 643 F.3d 1165, 1175 (9th Cir. 2010). Given that we are at the pleading stage, the Court considers the instant Motion to Dismiss independent of the fact that Plaintiff is a serial litigator.

2

## II. STATEMENT OF FACTS

The following facts are drawn from the Complaint and are accepted as true only for the purposes of this Motion. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Plaintiff claims that he is "legally disabled by virtue of a severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy," prostate and renal cancer, and degenerative right knee, which "substantially limit his major life activities." ECF No. 1 ¶¶ 3-4. As a consequence, "Plaintiff walks with difficulty and pain and requires compliant mobility features at places of public accommodation." *Id.* ¶ 4.

Defendant owns, operates, or leases a hotel in Bakersfield (the "Hotel"). *Id.* ¶ 5. Plaintiff booked a room and visited the Hotel on or about June 5, 2019. *Id.* ¶¶ 15, 18. During his visit, Plaintiff "encountered barriers to accessibility documented in Addendum A," and those barriers were "relate[d] to [his] disability and interfere[d] with [his] full and complete enjoyment of the Hotel." *Id.* ¶¶ 16-17. Addendum A is comprised of 19 grainy and murky photographs in black and white, that Plaintiff took during his visit, of different areas at the Hotel. *Id.*, Addendum A. Plaintiff claims that he intends to visit the Hotel again but is deterred from doing so because its facilities are not in compliance with the ADA and the Unruh Act. *Id.* ¶¶ 11-12, 17. Plaintiff seeks damages from and injunctive relief against Defendant because he has not been afforded full and equal access to the Hotel under the law. *Id.* ¶¶ 20, 26, 32, 39.

## III. ANALYSIS

The Court begins with Defendant's jurisdictional challenge under Rule 12(b)(1) then will turn to Defendant's pleading defect challenge under Rule 12(b)(6).

### A. Legal Standard for a Rule 12(b)(1) Motion

"If a dispute is not a proper case or controversy, the courts have no business deciding it, or expounding the law in the course of doing so." *Town of Chester, N.Y. v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1650 (2017) (citation omitted). In an ADA case, "as with other civil rights statutes, to invoke the jurisdiction of the federal courts, a disabled individual claiming discrimination must satisfy the case or

controversy requirement of Article III by demonstrating his standing to sue at each stage of the litigation." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (citations omitted). To do so, "a plaintiff needs to provide only 'a short and plain statement of the grounds for the court's jurisdiction.' The plaintiff must allege facts, not mere legal conclusions, in compliance with the pleading standards established by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Assuming compliance with those standards, the plaintiff's factual allegations will ordinarily be accepted as true unless challenged by the defendant." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citations omitted). "Ordinarily, a challenge to the district court's subject matter jurisdiction would be raised in a Rule 12(b)(1) motion." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) ("*Meyer*"). Here, Defendant is bringing a facial challenge. ECF No. 9 at 3.

"In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Meyer*, 373 F.3d at 1039. "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite*, 749 F.3d at 1121 (citation omitted). On a 12(b)(1) motion, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Kingman Reef Atoll Investments, L.L.C. v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008) (citation omitted).

B. <u>**Americans with Disabilities Act (ADA) (1st Claim)**</u>

"Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). "[T]he 'irreducible constitutional minimum' of standing consists of three elements. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a

4

favorable judicial decision." *Id.* at 1547 (citations omitted). "In the context of *injunctive relief*, [the plaintiff] must *additionally* demonstrate 'a sufficient likelihood that he will again be wronged in a similar way[.]' That is, he must establish a 'real and immediate threat of repeated injury.'" *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004) (emphasis added) (citations omitted).

Defendant here facially challenges the injury-in-fact and "real and immediate threat of repeated injury" elements of Plaintiff's standing. ECF No. 9 at 4-14. Defendant first contends that Plaintiff has failed to allege sufficiently the nature of the architectural barriers at the Hotel and how those barriers affected him because of his particular disability. *Id.* at 5-6. Defendant further contends that Plaintiff has failed to allege sufficiently his intent to return to the Hotel in order to be entitled to injunctive relief. *Id.* at 7-12. Defendant's arguments are well-taken.

### 1. <u>Whether Plaintiff Has Alleged Injury in Fact Sufficiently</u>

"The existence of federal standing 'often turns on the nature and source of the claim asserted.' Accordingly, our standing analysis must focus on the nature and source of [a plaintiff's] claim— discrimination as defined by the ADA." *Chapman*, 631 F.3d at 947 (citation omitted). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 136 S. Ct. at 1548 (citation omitted). The Court finds that Plaintiff has failed to allege sufficiently a "concrete and particularized" injury.

Plaintiff's ADA claim is premised on the alleged barriers to accessibility he encountered at the Hotel. ECF No.1 ¶¶ 16-17, 20. "Whether a facility is 'readily accessible' is defined, in part, by the ADA Accessibility Guidelines ('ADAAG')." *Chapman*, 631 F.3d at 945 (citations omitted). "Under the ADA, when a disabled person encounters an accessibility barrier violating its provisions, it is not necessary for standing purposes that the barrier completely preclude the plaintiff from entering or from using a facility in any way. Rather, the barrier need only interfere with the plaintiff's 'full and equal enjoyment' of the facility" "on account of his particular disability." *Id.* at 947 (citations omitted).

To establish his standing, Plaintiff alleges that he is "legally disabled by virtue of a severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy," prostate and renal cancer, and a degenerative right knee. ECF No. 1 ¶¶ 3-4. Because of these medical issues, "Plaintiff walks with difficulty and pain." *Id.* ¶ 4. Plaintiff then attaches 19 grainy and murky photographs in black and white and concludes that the barriers shown in the photographs interfered with his equal and full enjoyment of the Hotel. *Id.* ¶¶ 16-17, Addendum A.

"A 'concrete' injury must be '*de facto*'; that is, it must actually exist. When we have used the adjective 'concrete,' we have meant to convey the usual meaning of the term—'real,' and not 'abstract.'" *Spokeo*, 136 S. Ct. at 1548. Plaintiff claims that the Hotel is not accessible to him because Defendant has failed to fully comply with the ADAAG, but he does not specify which provision or provisions of the ADAAG Defendant has been violating, ECF No. 1 ¶ 12—though, Plaintiff need only to specify one barrier sufficiently because "[a]n ADA plaintiff who has Article III standing as a result of at least *one* barrier at a place of public accommodation may, in one suit, permissibly challenge *all* barriers in that public accommodation that are related to his or her specific disability." *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1047 (9th Cir. 2008) (emphasis added). In addition, although Plaintiff has attached 19 photographs to the Complaint, they are murky and coarse and, thus, difficulty to discern how the areas captured therein are barriers to his accessibility. The conclusory captions underlying the photographs, such as "identification," "inaccessible," "improper hardware," "[m]ore than 5 lbs to open," and "hose interfere with controls," add nothing to the obscurity of the photographs. ECF No. 1, Addendum A. In sum, these photographs and allegations are insufficient to show what and how there are barriers to accessibility under the ADAAG. *See, e.g.*, *Strojnik v. Four Sisters Inns, Inc.*, 2019 WL 6700939, at \*3 (C.D. Cal. Dec. 9, 2019) ("*Four Sisters*") (holding that Strojnik's photographs and captions to be bare legal conclusions insufficient to show how there are purported barriers to accessibility); *Strojnik v. Hotel Circle GL Holdings*, LLC, 2019 WL 6212084, at \*3 (E.D. Cal. Nov. 21, 2019) ("*Hotel Circle*") (same); *Strojnik v. 1315 Orange LLC*, 2019 WL 5535766, at \*2 (S.D. Cal. Oct.

25, 2019) (same). By failing to allege sufficiently the barriers to accessibility he encountered, Plaintiff has failed to establish a concrete or real injury, as opposed to something abstract.

"A 'particularized' injury is one that 'affect[s] the plaintiff in a personal and individual way.'" *Safer Chemicals, Healthy Families v. U.S. Envtl. Prot. Agency*, 943 F.3d 397, 411 (9th Cir. 2019). Plaintiff has failed also to allege sufficiently how his particularized injury affected him; that is, how his disabilities relate to the barriers he encountered. Plaintiff simply asserts in a conclusory manner that the barriers were "relate[d] to [his] disability and interfere[d] with [his] full and complete enjoyment of the Hotel" without any further explanation. ECF No. 1 ¶¶ 16-17. To plead standing sufficiently, Plaintiff must allege "more than labels and conclusions." *Twombly*, 550 U.S. at 555. As the Supreme Court affirmed, a plaintiff "cannot satisfy the demands of Article III by alleging a bare procedural violation." *Spokeo*, 136 S. Ct. at 1550. The allegation Plaintiff has made is no more than bare legal conclusion.[2] *See, e.g.*, *Chapman*, 631 F.3d at 954 ("The Accessibility Survey simply identifies alleged ADA and CBC violations without connecting the alleged violations to [Plaintiff] Chapman's disability, or indicating whether or not he encountered any one of them in such a way as to impair his full and equal enjoyment of the Store."); *Four Sisters*, 2019 WL 6700939, at *3 (holding that the facts alleged by Strojnik fail to "explain how the purported barriers violate the ADA, relate to his particular disability, or interfere with his use or enjoyment of the Hotel"); *Hotel Circle*, 2019 WL 6212084, at *3 (same); *Rutherford v. Cesar's Mexican Rest., LLC*, 2019 WL 4193392, at *2 (S.D. Cal. Sept. 3, 2019) (same); *Strojnik v. Orangewood LLC*, 2019 U.S. Dist. LEXIS 213103, at *7-8 (C.D. Cal. Aug. 8, 2019) (same).

//

---

[2] In his Opposition, Plaintiff fails to address how he has alleged sufficiently the barriers as specified by the ADAAG and how those barriers are connected to his disabilities beyond the conclusory allegations the Court has discussed. ECF No. 11 at 4-6.

7

## 2. **Whether Plaintiff Has Alleged Real and Immediate Threat of Repeated Injury Sufficiently**

"A plaintiff must demonstrate constitutional standing separately for each form of relief requested." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir.) (2018) (citation omitted). Because Plaintiff is seeking injunctive relief, he must establish additionally a "real and immediate threat of repeated injury," or, in other words, that there is "a sufficient likelihood that he will again be wronged in a similar way[.]" *Fortyune*, 364 F.3d at 1081 (internal quotation marks omitted). "While 'past wrongs do not in themselves amount to [a] real and immediate threat of injury necessary to make out a case or controversy,' 'past wrongs are evidence bearing on whether there is a real and immediate threat of repeated injury.'" *Id.* "[T]he possibility of his injury recurring cannot be said to be so remote as to preclude standing." *Id.* at 1082. As explained below, the Court finds that Plaintiff has failed to allege a sufficient likelihood that he would return to the Hotel to entitle him to injunctive relief. *See also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564 (1992) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." (internal quotation marks omitted)).

"An ADA plaintiff establishes such a real and immediate threat if 'he intends to return to a noncompliant place of public accommodation where he will likely suffer repeated injury.'" *Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC*, 753 F.3d 862, 867 (9th Cir. 2014) (internal citation omitted). "Alternatively, a plaintiff who 'has visited a public accommodation on a prior occasion' demonstrates a real and immediate threat if he 'is currently deterred from visiting that accommodation by accessibility barriers.' Title III of the ADA explicitly provides that it does not require 'a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization . . . does not intend to comply' with the ADA." *Id.* (internal quotation marks omitted).

The alternative theory is what the Ninth Circuit dubbed the "deterrent effect doctrine" in *Chapman*, which was first recognized in *Pickern* and reaffirmed in *Doran*. *Chapman*, 631 F.3d at 949-

50 (citing *Pickern*, 293 F.3d at 1135 and *Doran*, 524 F.3d at 1040). In *Pickern*, a disabled plaintiff brought an ADA suit against a store defendant located 70 miles from his residence in Paradise, California based on the theory that he was deterred from visiting the store because it had inadequate access due to various architectural barriers. *Pickern*, 293 F.3d at 1135. Based on allegations that the plaintiff had visited the store in the past, had "actual knowledge of the barriers to access at that store," and that he would prefer to visit and shop at the store if it were accessible, the Ninth Circuit found that the plaintiff had alleged sufficiently the deterrent effect doctrine. *Id.* at 1138-39.

In *Doran*, as summarized by the Ninth Circuit in a subsequent case,

> [A] plaintiff sought an injunction against a 7-Eleven store 550 miles away from his home, we held he had standing: he was "currently deterred from visiting the store"; it was "conveniently located near his favorite fast food restaurant in Anaheim"; and he planned to visit Anaheim once a year for his annual trips to Disneyland. He did not intend, however, to visit the 7–Eleven until it removed the challenged access barriers.

*Ervine*, 753 F.3d at 867 (citing *Doran*, 524 F.3d at 1038, 1040-41.) Thus, to establish the deterrent effect doctrine, Plaintiff must allege facts analogous to those in *Pickern* or *Doran*.[3] Mere conclusory assertions that an ADA plaintiff intends to return and is deterred from returning to a place are insufficient. As the Supreme Court held,

> [T]he affiants' profession of an "inten[t]" to return to the places they had visited before . . . is simply not enough. Such "some day" intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of the "actual or imminent" injury that our cases require.

---

[3] It should be noted that even though the Ninth Circuit has distinguished two theories (intent to return theory and deterrent effect doctrine) for establishing "real and immediate threat of repeated injury," both nonetheless require *sufficient* allegations showing that an ADA plaintiff would likely return to the location at issue.

*Lujan*, 504 U.S. at 564 (alteration in original). "For example, evidence of concrete travel plans would be sufficient to show that a disabled plaintiff intends to visit a facility, even if she has not travelled there in the past. Contrariwise, in the absence of travel plans, a past visit might not be sufficient evidence of imminent future harm." *Civil Rights Educ. & Enf't Ctr. v. Hosp. Properties Tr.*, 867 F.3d 1093, 1100 (9th Cir. 2017) ("*CREEC*") (citing *Lujan*, 504 U.S. at 564).

Comparing the facts alleged by Plaintiff here with those in *Pickern* and *Doran*, the Court finds that Plaintiff has failed to plead enough facts to show that there is "a sufficient likelihood that he will again be wronged in a similar way[.]" *Fortyune*, 364 F.3d at 1081 (citation omitted). Plaintiff argues that merely alleging that he "is deterred from visiting the Hotel based on [his] knowledge that he Hotel is" not in compliance with the ADA, and that he "intends to visit [the Hotel] at a specific time" when the Hotel is in compliance, are sufficient. ECF No. 1 ¶¶ 11-12; ECF No. 11 at 3-4. The Court disagrees. Those allegations are "naked assertion[s] devoid of further factual enhancement." *Ashcroft*, 556 U.S. at 678 (internal quotation marks omitted). Moreover, Plaintiff's position is not supported by *Pickern*, *Doran*, or any other authorities the Court has discussed above. Plaintiff alleges no concrete travel plan, let alone one that would be sufficient to show he likely would return to the Hotel and suffer the same architectural barriers.[4] *See, e.g.*, *Strojnik v. Pasadena Robles Acquisition, LLC*, 2019 U.S.

---

[4] Defendant urges the Court to adopt the four-factor test articulated in *Harris v. Del Taco, Inc.,* 396 F. Supp. 2d 1107, 1111 (C.D. Cal. 2005) (citing *Molski v. Arby's Huntington Beach*, 359 F. Supp. 2d 938, 947 n.10 (C.D. Cal. 2005)), to determine whether Plaintiff has established sufficiently his likelihood of returning to the Hotel. ECF No. 9 at 7-8. Those four factors are: "(1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant." *Harris,* 396 F. Supp. 2d at 1111 (quoting *Molski*, 359 F. Supp. 2d at 947 n.10) (internal quotation marks omitted). Since this test was first articulated fifteen years ago, however, the Ninth Circuit has not adopted it despite having confronted the same or similar issue repeatedly in *Doran*, 524 F.3d 1034, *D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031 (9th Cir. 2008) ("*Best Western*"), *Chapman*, 631 F.3d 939, and more recently in *Ervine*, 753 F.3d 862. Instead,

Dist. LEXIS 213070, at *4-11 (C.D. Cal. Aug. 14, 2019) ("*Pasadena Robles*") (holding that Strojnik has failed to allege sufficient facts to show his intent to return to the defendant's hotel).

Plaintiff also relies on *CREEC* to argue that the facts he has alleged are sufficient to justify injunctive relief. ECF No. 11 at 4-5. His reliance is misplaced, however. The issues addressed by the Ninth Circuit in *CREEC* are especially distinct from the ones here. The Ninth Circuit there had to decide:

> (1) whether a plaintiff may rely on the "deterrent effect doctrine" to establish constitutional standing under the ADA where she lacks *firsthand knowledge* that an establishment is not in ADA compliance; and (2) whether a plaintiff has constitutional standing where her only *motivation* for visiting a facility is to *test* it for ADA compliance.

---

the Ninth Circuit in those cases consistently opted to apply the tried-and-true method of analogizing the facts before it with those in *Pickern* and/or *Doran* to determine whether a plaintiff had established imminent future injury.

On multiple other occasions, some district judges in California and the Ninth Circuit have either implicitly or explicitly declined to follow the four-factor test. In *Rocca v. Jalidat, Inc.*, 2017 WL 10562626, at *4 (C.D. Cal. Sept. 13, 2017), the district judge found the test to be too "stringent." *Rocca*, 2017 WL 10562626, at *4. The Court agrees as *Pickern* and *Doran* never espoused such a stringent test. About two years ago in *CREEC*, the Ninth Circuit held that "concrete travel plans [alone] would be sufficient to show that a disabled plaintiff intends to visit a facility," disregarding three factors of the four-factor test. *CREEC*, 867 F.3d at 1100. Also in *Wilson v. Kayo Oil Co.*, 535 F. Supp. 2d 1063, 1067 (S.D. Cal. 2007), a district court applied the four-factor test and found that the plaintiff had failed to establish imminent future injury. But on appeal, the Ninth Circuit disregarded the four-factor test and reversed the district court in finding that there was imminent future injury. *Wilson v. Kayo Oil Co.*, 563 F.3d 979, 980 (9th Cir. 2009). Most recently in *Brooke v. Kashl Corp.*, 362 F. Supp. 3d 864, 874 (S.D. Cal. 2019), a district court recognized the four-factor test but did not apply it. Rather, the *Brooke* court analogized the facts alleged with the facts discussed in *Best Western* to conclude that there was sufficient likelihood of imminent future injury. This Court agrees with *Rocca* and *Brooke*. Following the mandatory authorities of the Ninth Circuit, as opposed to the persuasive authorities of *Harris* and *Molski*, the Court here has applied the analogy method in the above analysis rather than the four-factor test.

*CREEC*, 867 F.3d at 1096 (emphasis added). A point not decided in appellate caselaw is neither binding authority nor relevant. Here, there is no issue regarding Plaintiff's firsthand knowledge as Plaintiff has alleged he booked a room and visited the Hotel on or around June 5, 2019, ECF No. 1 ¶¶ 15, 18, nor does Defendant raise this as a point of contention in the Motion, ECF No. 9. Likewise, Plaintiff does not allege that he is an ADA tester, ECF No. 1, nor does Defendant contend that Plaintiff's tester status necessarily negates his standing, ECF No. 9. Plaintiff's implicit suggestion that *CREEC* somehow undid decades of Ninth Circuit and Supreme Court precedents to hold for the first time that conclusory allegations of one's intent to return and deterrence from returning to a place to be sufficient to establish imminent future harm is neither logical nor rooted in the four corners of the case. For the above reasons, the Court finds that Plaintiff has failed to allege imminent future injury sufficiently. *Four Sisters*, 2019 WL 6700939, at *5 (holding that Strojnik has failed to allege sufficient facts to show he would return to the hotel if it were ADA compliant).

**C.** **Supplemental Jurisdiction over State Claims**

"A district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (quoting 28 U.S.C. § 1367(c)(3)). Since the Court has no subject-matter jurisdiction over the first claim under the ADA, the Court normally would not exercise supplemental jurisdiction over any of the remaining three state claims at this time. *See, e.g.*, *Hotel Circle*, 2019 WL 6212084, at *6 (declining to exercise supplemental jurisdiction over Strojnik's remaining state claims since his ADA claim has failed for lack of standing); *Pasadena Robles*, 2019 U.S. Dist. LEXIS 213070, at *11 (same). The Court declines to exercise supplemental jurisdiction over the Unruh Act and CDPA claims. However, the Court makes an exception, in its exercise of discretion over supplemental jurisdiction and in the interest of expedience and overall judicial efficiency, to address the clearly faulty negligence claim below.

//

**D.      Legal Standard for Rule 12(b)(6) Motion**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. Rule 8(a)(2) requires a complaint to provide "only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Dismissal of a claim under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

**E.      Failure to State a Negligence Claim**

Plaintiff's negligence claim is premised on Defendant's breach of "duty to remove the ADA accessibility barriers" preventing Plaintiff from full and equal access to the Hotel. ECF No. 1 ¶¶ 34-35. In opposition, Plaintiff contends that his negligence claim is valid because it is based on the doctrine of negligence *per se*. ECF No. 11 at 7. Plaintiff appears to suggest mistakenly that every violation of a federal statute necessarily creates a duplicative claim for negligence under California's common law. This is incorrect.

"Negligence *per se* is an evidentiary doctrine, rather than an independent cause of action." *Jones v. Awad*, 39 Cal. App. 5th 1200, 1210 (2019) (citation omitted). The presumption of negligence *per se* is "created by Evidence Code section 669 [and] concerns the standard of care, rather than the duty of care." *Millard v. Biosources, Inc.*, 156 Cal. App. 4th 1338, 1353 (2007) (citation omitted). "The doctrine of negligence *per se* does *not* provide a private right of action for violation of a statute." *Das v. Bank of Am., N.A.*, 186 Cal. App. 4th 727, 737-38 (2010) (emphasis added) (citation omitted). "In order for the presumption to be available, either the courts or the Legislature must have created a duty of care." *Millard*, 156 Cal. App. 4th 1338 (citation omitted). Here, Plaintiff provides no authority, nor is the Court aware of any, to show that Congress enacted the ADA as a separate duty of care to give rise to an independent negligence claim under state laws.

Given that there is no independent duty of care established by the ADA, "[a]n underlying claim of ordinary negligence must be viable before the presumption of negligence of Evidence Code section 669 can be employed . . . . [I]t is the tort of negligence, and not the violation of the statute itself, which entitles a plaintiff to recover civil damages." *Id.* (citation omitted). Plaintiff, however, alleges no independent duty to maintain a negligence claim before invoking the negligence *per se* doctrine by way of the ADA. For this reason, Plaintiff has failed to allege sufficiently his negligence claim. *See, e.g.*, *Strojnik v. Landry's Inc.*, 2019 U.S. Dist. LEXIS 223873, at *15 (S.D. Tex. Dec. 9, 2019) (holding that Strojnik has failed to allege his negligence claim because the "allegations do not support the existence of a duty outside that imposed by the ADA").

**F.      Leave to Amend the Complaint**

"[L]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1108 (9th Cir. 2003) (internal quotation marks and citations omitted). Given that this is Plaintiff's first Complaint and he may be able to cure the pleading defects identified herein, Plaintiff is GRANTED twenty days to amend from electronic service of this Order. However, he is warned that he has obligations under Federal Rule of Civil Procedure 11 to not re-assert claims that have no basis in law or fact. Such violation may subject him to sanctions. *See, e.g.*, *Hotel Circle*, 2019 WL 6212084, at *7 (giving Strojnik the same warning under Rule 11 and that he may be subject to sanctions if he violates the rule); *see also Baker v. Cottrell, Inc.*, 2017 WL 4574186, at *5 (E.D. Cal. Oct. 13, 2017) ("Federal Rule of Civil Procedure 11 sanctions are justified if a party or their attorney submits a pleading to the court which is submitted for an improper purpose, is frivolous, has no evidentiary support or is not warranted by the evidence.").

**IV. CONCLUSION AND ORDER**

For the aforementioned reasons, Defendant's Motion to Dismiss as to the entire action is GRANTED with twenty days leave to amend from electronic service of this Order. Failure to timely amend the Complaint will result in this action being dismissed with prejudice.

Should any amended pleading be pled improperly, there will be no further grant of leave to amend. The process of following the directive in this Order will take care of the infirmity found in the current Complaint. Failure to abide by this Order's directive will have negative consequences.

IT IS SO ORDERED.

    Dated: **January 30, 2020**        **/s/ Lawrence J. O'Neill**
                                                         UNITED STATES DISTRICT JUDGE